UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                    Case No. 5:97-cr-28-Oc-10GRJ

LENTHIUS D. THOMAS
_____/

**O R D E R**

This case is before the Court for consideration of the Defendant's Motion "To Have His Co-Defendants Kenneth McChriston and Erik Dorsey Adopt All Filings Of His §2255¶6(3) Motion" (Doc. 347), and the Defendant's "Request to Preserve His Booker Claim Pursuant to Fed.R.Civ.Proc. § 2255 ¶6(3)." (Doc. 348). Upon due consideration, both motions are due to be denied.

With respect to the Defendant's Motion to have his Co-Defendants join his § 2255 Petition, this motion fails both because the Defendant does not have any pending § 2255 Petition,[1] and because the Defendant is without standing to request relief on behalf of his Co-Defendants. Rather, if his Co-Defendants wish to join in any pleadings, they must seek such relief from the Court themselves. The Defendant cannot do so on their behalf.

The Defendant next seeks to preserve any claims he may have under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), pending a determination that Booker applies retroactively. In support of his request, the Defendant

---

[1] The Defendant's Petition under § 2255 was denied on May 4, 2004 (Doc. 324).

relies upon both § 2255 ¶6(3) and the Supreme Court's decision in <u>Dodd v. United States</u>, 125 S.Ct. 2478 (2005). Section 2255 ¶6(3) provides that the one year limitations period for filing a petition under 28 U.S.C. § 2255 runs from "the date on which the right asserted was initially recognized by the Supreme Court, **if** that right has been newly recognized by the Supreme Court **and** made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶6(3) (emphasis added). The Supreme Court clarified this provision in <u>Dodd</u> and held that the one-year limitations period runs from the date that the Supreme Court first recognizes the new right, not from the date it becomes retroactively applicable, in the event the dates do not coincide. <u>Dodd</u>, 125 S.Ct. 2481-82. The Supreme Court further explained that unless the Supreme Court determines that the right may be retroactively applied, the one-year limitations period set forth in § 2255 ¶6(3) never comes into play. <u>Id.</u> at 2482-83.

As of the date of this Order, the Supreme Court has not determined that <u>Booker</u> applies retroactively. In the interim, the Eleventh Circuit has held that <u>Booker</u> does not retroactively apply to cases on collateral review. <u>In re Anderson</u>, 2005 WL 123923, 18 Fla. L. Weekly Fed. C. 183 (11th Cir. 2005). Given the fact that <u>Booker</u> does not apply retroactively, the Defendant has no claims which he can preserve, and his reliance on <u>Dodd</u> is misplaced.

Accordingly, upon due consideration, the Defendant's Motion "To Have His Co-Defendants Kenneth McChriston and Erik Dorsey Adopt All Filings Of His §2255(6)(3)

Motion" (Doc. 347) is DENIED, and the Defendant's "Request to Preserve His Booker Claim Pursuant to Fed.R.Civ.Proc. 2255(6)(3)" (Doc. 348) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 20th day of January, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:  United States Attorney
            United States Marshal
            United States Probation Office
            U.S. Pretrial Services Office
            Counsel of Record
            Maurya McSheehy, Courtroom Deputy
            Lenthius D. Thomas